Bruce G. MURPHY, Lou A. Murphy, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

Joseph L. LYLE, Jr., Barbara S. Lyle, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

Nos. 80–1493, 80–1538.

United States Court of Appeals, Fourth Circuit.

Argued April 9, 1981.

Decided July 16, 1981.

Edward S. Garcia, Virginia Beach, Va. (Bruce G. Murphy, pro se, on brief), for appellants.

R. Bruce Johnson, Tax Division, Dept. of Justice, Washington, D.C. (John F. Murray, Acting Asst. Atty. Gen., Washington, D.C., Michael L. Paup, Carleton D. Powell, Tax Division, Dept. of Justice, Washington, D.C., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and RUSSELL and HALL, Circuit Judges:

PER CURIAM:

The issue in these consolidated cases is whether a purchase and sale of undivided interests in Portugal Wines, Ltd. (which did not exist) represent a purchase and sale of capital assets entitled to capital gains tax treatment under § 1221. Internal Revenue Code of 1954, 26 U.S.C., in the Federal income tax returns of the appellants (taxpayers) for the years 1972 and 1973.[1] Jurisdiction for the actions is based on § 7482, Internal Revenue Code of 1954. The Tax Court found that the transactions did not qualify for capital gains tax treatment and that the appellants were liable for deficiencies in their Federal income taxes for the years 1972 and 1973.[2] These appeals followed. We affirm.

The transactions out of which this controversy arises were parts of a "Ponzi" type investment scheme whereby Robert Dale Johnson purported to sell interests in a large stock of rare Portuguese wine, assuring would-be-investors of substantial gains in the future appreciation in the value of such wine. The flaw in the scheme was that there was no wine and thus no asset to appreciate. However, in order to lure future investors into purchasing these undivided interests, the promoters paid to the earlier investors fictitious profits out of investments enticed from other gullible investors.

The appellants in these cases were early investors who were paid fictitious profits on their purchases of interests. As we have said, they contend these profits were capital assets and qualified for capital gains tax

treatment. The Tax Court in a carefully reasoned opinion, found they did not so qualify. The heart of its reasoning was stated in this sentence: "Since the contracts hereunder are more properly reflected as debt instead of equity, the nature of the income that results from such contracts must be ordinary income in nature to the extent it represents an unstated amount of interest." In a similar case the District Court in *Harris v. United States*, 431 F.Supp. 1173 (E.D.Va.1977), aff'd., 565 F.2d 156 (Tables), had earlier found to the same effect in a well-reasoned opinion. *Id.* at 1178. We agree.

Accordingly, we affirm the judgments of the Tax Court.

*AFFIRMED.*

---

1. Lou A. Murphy and Barbara S. Lyle are parties herein by virtue of filing joint income tax returns with their husbands.

2. The Tax Court opinion is reported at 40 T.C.M (CCH) 524.